BERWIND-WHITE COAL MINING COMPANY, Respondent, *v.* JESSIE B. WADSWORTH, Appellant.

*Creditor's action against a stockholder of a corporation whose capital has not been paid up — a defense that the corporation had leviable property, and that the return of the execution was collusive — release of a levy.*

In an action brought by a judgment creditor of a corporation against a stockholder thereof to enforce the statutory liability imposed (Laws of 1890, chap. 564, § 57; 1892, chap. 688, § 54) where the stock of a corporation has not been paid up nor any certificate to that effect filed, a defense, *first*, that the corporation had property subject to levy and sale under the execution when it was returned unsatisfied; and, *second*, that the return was made by the sheriff acting in collusion with the plaintiff, can only be sustained by establishing both propositions.

*Semble*, that the judgment creditor is not bound to bring a creditor's suit to set aside sales made by the corporation in fraud of its creditors, before bringing an action against its stockholders. He may stand upon the execution returned unsatisfied without collusion on his part.

The release of a levy upon property which does not belong to the judgment debtor, the corporation, when levied upon is a duty on the part of the judgment creditor, and presents no obstacle to such a suit against the stockholders.

APPEAL by the defendant, Jessie B. Wadsworth, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Livingston on the 26th day of June, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of June, 1897, denying the defendant's motion for a new trial made upon a case containing exceptions.

In April, 1893, the plaintiff in the action recovered judgment for $5,581.82, against the Livingston Salt Company (Limited) for goods sold and delivered to that company. The execution issued thereon was returned unsatisfied, except as to $426.97 realized from a sale by the sheriff of the effects of the company. The present action is brought to recover from the defendant, as a stockholder in said company, $5,000, with interest, being the amount of the par value of shares of the company's stock held by her when the debt to the plaintiff was incurred, at which time, the complaint alleges, the whole amount of the company's stock, issued and outstanding, had not been fully paid.

*J. B. Adams*, for the appellant.

*Charles J. Bissell*, for the respondent.

FOLLETT, J. :

The following facts were established by admissions in the answer, admissions on the trial, and by evidence which was uncontradicted, to wit, the debt, the judgment, the unsatisfied execution ; that defendant was a stockholder in the corporation ; that the capital stock of the corporation had not been paid up, and that no certificate that it had been paid up had been filed. These facts entitled the plaintiff to a judgment unless a defense was established. (§ 57, chap. 564, Laws of 1890, and § 54, chap. 688, Laws of 1892 — the Stock Corporation Law.) The defense attempted to be established

was an affirmative one resting on two propositions, both of which the defendant was bound to establish :

(1) That the Livingston Salt Company (Limited) had property subject to levy and sale on the execution when it was returned unsatisfied in part by the sheriff.

(2) That the sheriff's return of the execution unsatisfied in part was false, and made in collusion with the plaintiff in the execution.

In case the defendant failed to establish either proposition no defense was made out. It is not contended that the corporation had any property subject to sale on an execution except the salt in block No. 2. Upon this proposition the contention was whether the corporation or T. Nelson Shattuck owned the salt at the time the execution was issued. Upon this question much evidence was given.

It was conceded that the salt was sold to Shattuck in the early part of February, 1893, before plaintiff's judgment was recovered, by the sales agent of the corporation, and that the sale was ratified by the directors of the corporation February 23, 1893, which was also before plaintiff's judgment was recovered. The court instructed the jury that in case it found that the salt in block No. 2 was sold February 23, 1893, the sale was void because the corporation had then failed to pay its notes. The court also charged that in case the corporation was insolvent when the salt in block No. 2 was sold, or if the sale of that salt was made in contemplation of insolvency, the sale was void. These instructions were followed by an instruction that in case the jury found that the sale of the salt was void, the plaintiff could not recover. By the verdict the jury found that the sale of the salt was valid, that Shattuck owned it, and that the Livingston Salt Company (Limited) had no leviable interest in it when the judgment was recovered and the execution issued. This being found, the question whether the plaintiff agreed to release the levy or did release it became an immaterial issue. In case the salt belonged to Shattuck, and not to the defendant in the execution, the plaintiff had the legal right to release the levy, and more, it was its duty to do it.

The plaintiff may have had just ground for an exception, because the court did not submit to the jury the question whether the return of the execution was collusive, but the defendant has no ground for complaint. The plaintiff's execution being returned unsatisfied,

the statute was satisfied, and it gave the plaintiff a right of action unless the plaintiff collusively procured the execution to be returned. The plaintiff was neither bound to indemnify the sheriff nor bring an action to set aside a fraudulent sale; it could stand on the return of the sheriff made without procurement by it. The court, by its charge, took away from the plaintiff this answer to the defendant's defense and held, as a matter of law, that in case the sale of the salt to Shattuck was fraudulent, the plaintiff could not recover, thus denying the plaintiff the right to stand on an honest return of the execution; but required it to go further and establish that the corporation had not fraudulently disposed of its property, subject to an execution. Undoubtedly the plaintiff was entitled to have had the jury instructed that in case it found that the execution was returned by the sheriff, without collusion with the plaintiff, it had a right to recover, even though the sale of the salt to Shattuck was fraudulent. The statute does not require that the creditors of a corporation shall set aside, by a suit in equity, fraudulent sales of property or recover property so disposed of, by a sale under an execution, and by an action of law, before an action against a stockholder can be maintained. The return of an execution is all that is required.

The judgment should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.